IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHILIP A. HUGHES, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-05-2443 |
| § | |
| DIANE SNYDER, PHILIP SNYDER, § | |
| and HELEN CLARK, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND OPINION**

Plaintiff Philip A. Hughes, representing himself, seeks $2,750,250 in damages from his former wife, Helen Clark, and his cousins, Diane and Philip Snyder. The Snyders have moved to dismiss. Based on a careful review of the motion and response, the pleadings, and the applicable law, this court grants the motion and, by separate order, enters final judgment. The reasons are set out in detail below.

**I.    Background**

Hughes alleges that Clark made misrepresentations beginning in 1980 that led to their marriage in 1981. Hughes specifically alleges that in 1980, Clark told him that she just happened to meet him at the church he attended, when in fact she had arranged to attend to meet him. Hughes alleges that Clark had obtained information from Diane and Philip Snyder that allowed her to arrange the meeting. The information allegedly provided by the Snyders was about Hughes's "financial status, church affiliation, and single marital status." Hughes

also alleges that before he and Clark married, she stated that she intended to continue to work to support the household, including her two children from a prior marriage, and that she would seek payment of child support from their father. Clark and Hughes married in 1981. After the marriage, Clark resigned her job and dropped a legal action to obtain child support from her former husband.

The marriage produced a daughter in 1986 and ended in divorce in 1991. Hughes alleges that he was induced into the marriage by Helen Clark's false statements, which caused him 25 years of financial loss and mental anguish. He also alleges that the Snyders are liable for Clark's fraud because they "had both reasonable knowledge and tacit if not open procurement of the fraud by inducement effected upon the plaintiff."

Hughes asserts a right to recover under Title 65, Article 4004, of the Texas Civil Statutes. This suit was transferred from Oklahoma, where it was originally filed. The Snyders have moved to dismiss for failure to state a claim. Hughes has filed a response.

**II.    Discussion**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). A court may dismiss a case if an affirmative defense or other bar to relief appears on the face of the complaint. *Garrett v. Commonwealth Mortgage Corp. of Am.*, 938 F.2d 591, 594 (5th Cir. 1991). A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a valid means

to raise the statute of limitations if the defense clearly appears on the face of the complaint. *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987).

Hughes's complaint has numerous deficiencies apparent on its face. He has not asserted a cause of action under Texas law. The statute Hughes cited was repealed in 1967 and replaced by Article 27.01 of the Texas Business and Commerce Code, addressing fraud in real estate and stock transactions. Assuming that Hughes sought to assert a common-law claim for fraud in the inducement, his claim fails. Under Texas law, fraud requires "a material representation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998). Hughes does not allege that the Snyders made any fraudulent misrepresentations. Instead, he only alleges that they provided Clark with information about him; he makes no allegation that the information was untrue.

Additionally, the complaint is barred on its face by the four-year statute of limitations for fraud. Hughes alleges that statements on which he bases his claim were made in 1979, 1980, and 1981. He alleges that he knew that Clark's statements about how she met him, her intent to continue to work, and her intent to seek child support payments from her former husband, were false within a few years of his marriage. The claims against Clark are barred on the face of the complaint.

As to the Snyders, Hughes alleges that they made statements about him in 1979, but

does not allege that the statements were false. Instead, Hughes seeks to hold the Snyders responsible for telling Helen Clark information that allowed her to "enlist[] him in a relationship by deception . . . ." (Docket Entry No. 1, ¶ 7). Specifically, Hughes alleges that the Snyders made it possible for Clark to arrange to go to the church he attended, for the purpose of meeting him and inducing him to form a relationship. The Snyders allegedly gave Clark the information about Hughes in 1979. Hughes did not file this suit until 2005. Hughes argues that the statute of limitations does not apply because he did not know that the Snyders had provided Clark with information about him until March 2003. Hughes cites an affidavit signed by his mother that he attached to a response to the motion to transfer venue. In that affidavit, Shirley J. S. Hughes states that in March 2003, she heard a message on her son's answering machine from her former husband. The message stated that Diane Snyder had "gotten into trouble for some action relating to . . . Philip. I do not recall the exact words used but my understanding is that she had gotten into trouble for giving information to Helen Young [Clark] which allowed her to seek Philip out without his knowledge for the purpose of marriage. Philip now refers to Diane Snyder's act of providing this information as 'fixing' or 'rigging' his marriage." (Docket Entry No. 15, Ex. A).[1] Hughes is apparently invoking the discovery rule to avoid the statute of limitations.

---

[1] In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings. Fed. R. Civ. P. 12(b)(6). Hughes has not cured the pleading deficiency by attaching this affidavit.

"The discovery rule exception defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Computer Assocs., Int'l v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex.1996). The discovery rule is a very narrow exception to statutes of limitation. *Id.* It applies in cases "where the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable." *Id.* at 456. A party invoking the discovery rule must plead the rule or otherwise raise it in response to a defendant's assertion of limitations as a matter in avoidance. *KPMG Peat Marwick*, 988 S.W.2d at 748; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex.1988). Hughes has not invoked the discovery rule to avoid limitations, and he could not do so. The wrongful act he allegedly suffered was not inherently undiscoverable. His own argument is that he simply did not learn of it earlier.[2] There is no cause of action that Hughes has asserted or could assert against these defendants. The motion and supplemental to dismiss are granted. Leave to amend would be futile and is not granted. The remaining motions are denied as moot. Final judgment is entered by separate order; Hughes is to pay costs of court.

SIGNED on October 31, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[2] Nor could Hughes invoke fraudulent concealment to avoid limitations. A claim of fraudulent concealment requires the plaintiff to show that the defendant had actual knowledge of the wrong, a duty to disclose the wrong, and a fixed purpose to conceal the wrong. *Booker v. Real Homes, Inc.*, 103 S.W.3d 487, 493 (Tex. App.–San Antonio 2003).